**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LANIKA DAVIS**<br>615 Devereaux Avenue<br>Philadelphia, PA 19111,<br>**Plaintiff**<br>**v.**<br><br>**RUST-OLEUM CORP.**<br>11 Hawthorn Parkway<br>Vernon Hills, IL 60061,<br>**Defendant** | **Case No.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Lanika Davis, by and through undersigned counsel, hereby demands judgment against Defendant, and complains against them as follows:

## PARTIES

1. Plaintiff, Lanika Davis (hereinafter "Plaintiff") was, at all times relevant hereto, an adult individual and Pennsylvania citizen who was the owner and occupant of the property located at 615 Devereaux Avenue in Philadelphia, Pennsylvania (hereinafter the "subject property").

2. At all times relevant hereto, Defendant, Rust-Oleum Corporation (hereinafter "Rust-Oleum") was, upon information and belief, a Delaware corporation with its primary place of business at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania.

3. Upon information and belief, Rust-Oleum is in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing wood stains.

4. Upon further information and belief, Defendant, Rust-Oleum undertakes a significant amount of selling, distributing and/or marketing of wood stains in Pennsylvania.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C §1332(a)(1) as this action involves a controversy between citizens of different states; namely, Plaintiff being a citizen and resident of the Commonwealth of Pennsylvania and Defendant being a Delaware corporation and headquartered within the State of Illinois. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C §1391(a) because the events giving rise to this claim occurred within this district, specifically in Philadelphia County, Pennsylvania.

## FACTUAL BACKGROUND

7. On or prior to October 1, 2020, Plaintiff purchased for use at the subject property, one or more containers of Varathane Classic Penetrating Wood Stain (hereinafter "the subject stain product"), a product designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed, by Defendant.

8. On or about October 1, 2020, Plaintiff's relative and family friend applied the subject stain product to the flooring on the first and second floors at the subject property.

9. When they finished their work on the day of October 1, 2020, they placed application materials containing and/or saturated with such product into a plastic trash bag and left the bag on the floor in the kitchen of the subject property.

10. Later that same day, a fire erupted at the subject property.

11. The fire resulted in extensive damage to Plaintiff's real and personal property, as well as, the imposition of additional expenses and hardship.

12. The fire was directly and proximately caused by the spontaneous combustion of the application materials containing and/or saturated with the subject stain product as further and more fully described below.

13. As a direct and proximate result, Plaintiff sustained the damages described herein in an amount in excess of $75,000.00.

**COUNT I – STRICT LIABILITY**

14. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

15. At all relevant times hereto, Defendant was engaged in the business of designing, formulating, manufacturing, testing, packaging, labeling, marketing, selling and/or distributing the subject stain product.

16. The subject stain product as designed, formulated, manufactured, tested, packaged, labeled, marketed, sold and/or distributed by Defendant reached Plaintiff, upon information and belief, without any material change in condition or design.

17. Plaintiff was the intended user/consumer of the subject stain product.

18. The subject stain product was defective and unreasonably dangerous, and/or hazardous in design and manufacture, as it lacked conspicuous, proper and adequate warnings,

instructions and/or advice as to how to properly use, handle, dispose of and store application materials containing and/or saturated with the subject stain product.

19. Further, the subject stain product was defective and unreasonably dangerous for the ordinary and intended use of the product in the following detailed and particular aspects:

(a) Failed to properly and safely eliminate the avoidable danger of self-heating and/or spontaneous combustion;

(b) Had the dangerous and hazardous propensity of self-heating and/or spontaneous combustion if materials used in the application of the product were not properly disposed of and/or discarded;

(c) Failed to adequately warn Plaintiff and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

(d) Failed to provide Plaintiff and other consumers or users of the subject stain product with adequate information, instructions or warnings concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts;

(e) Failed to provide Plaintiff and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or saturated with the product and byproducts of the subject stain product;

(f) Located any inconspicuous and inadequate warnings or instructions as to such issues in a location on the product that might be foreseeably affected or clouded from view by the product itself; and/or

(g) Additionally or alternatively failed to conform the subject stain product labeling to prevailing and safe industry and/or governmental specifications and standards.

20. The design, formulation, manufacturing, testing, packaging, labeling, marketing, sale, and/or distribution of the subject stain product with the aforementioned defects and/or inadequacies made the subject stain product defective and unreasonably dangerous for its intended use.

21. At all times material hereto, the subject stain product was used for the purpose and in the manner intended and/or reasonably expected or foreseeable by Defendant.

22. The aforementioned defects or defective conditions existed at the time the subject stain product left the possession and/or control of Defendant.

23. The defective and dangerous conditions of the subject product stain proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiff.

24. Therefore, Defendant is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts, and/or the applicable law of the Commonwealth of Pennsylvania.

25. As a direct and proximate result, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

26. As a direct and proximate result, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Defendant in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**COUNT II – NEGLIGENCE**

27. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

28. Defendant had a duty to exercise reasonable care in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product, including a duty to ensure that the product did not expose users or consumers, such as Plaintiff,

to an unreasonable risk of harm and/or danger and that any unreasonable hazard and/or danger associated with the product was properly and adequately warned against.

29. Defendant owed Plaintiff and other users or consumers of the subject stain product a duty to act with reasonable care in the in the design, formulation, manufacture, testing, packaging, labeling, sale and/or distribution, of the subject stain product to provide a reasonably safe product and eliminate avoidable dangers, such as the unreasonably dangerous and hazardous propensity for self-heating and/or spontaneous combustion.

30. Defendant also owed Plaintiff and other users and consumers of the subject stain product a duty to provide adequate warnings and/or instruction concerning safe disposal and/or storage of materials exposed to or affected by the subject stain product, including byproducts thereof, produced during ordinary and intended use.

31. Defendant breached its duties of care to Plaintiff and was negligent in:

(a) failing to eliminate the avoidable danger of self-heating and/or spontaneous combustion;

(b) failing to offer consumers, such as Plaintiff, a less-hazardously designed and/or formulated product that would perform comparably to the actual product sold without its inherent damages (including its propensity to self-heat / spontaneously combust);

(c) failing to adequately warn Plaintiff and other consumers or users that the subject stain product and byproducts thereof were susceptible to self-heating and spontaneous combustion;

(d) failing to provide Plaintiff and other consumers or users of the subject stain product with adequate information, instructions or warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts; and/or

(e) failing to provide Plaintiff and other consumers or users of the subject stain product with adequate and conspicuous warnings concerning the safe disposal and/or storage of materials exposed to or affected by the product and byproducts of the subject stain product, when it knew or should have

known dangerous and/or hazardous propensity of the subject stain product for the self-heating and/or spontaneous combustion and the safe disposal and/or storage of materials exposed to or affected by the product and byproducts.

(f) failing to locate any warnings or instructions as to the above hazards in a manner that would not be affected, impacted, or clouded by the use of the product itself

(g) failing to conform the subject stain product's labeling, warnings and instructions to the foreseeable use and/or foreseeable misuse or conduct of its customers

(h) additionally or alternatively failing to perform the above measures in conformity with prevailing and safe industry and/or governmental specifications and standards;

(i) failing to retain, employ, and/or contract with adequate and proper individuals to undertake the measures set forth in the subparagraphs above;

(j) failing to properly train the individuals who were retained, employed or contracted with to undertake the measures set forth in the subparagraphs above; and/or

(k) failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in the subparagraphs above.

32. Defendant owed Plaintiff a number of duties and breached said duties.

33. As a direct and proximate result of the aforementioned negligence and carelessness of Defendant, a fire occurred and Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

34. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**COUNT III - BREACH OF IMPLIED WARRANTY**

35. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

36. At the time Defendant designed, formulated, manufactured, tested, packaged, labeled, marketed, sold, and/or distributed the subject stain product, Defendant knew of the use for which the product was intended, and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

37. Contrary to such implied warranties, the subject stain product was not of merchantable quality and fit and safe for its intended use because it was defective as noted at length above.

38. Defendant breached its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania in that the product was not fit for the ordinary uses for which the product was used, as noted herein and above.

39. At the Plaintiff's home, the subject stain product functioned improperly in the absence of abnormal use and reasonable secondary causes.

40. Plaintiff's damages occurred as a direct and proximate result of Defendant's breach of its implied warranty of merchantability as set out in 13 Pa. C. S. A. § 2314 and the common law of the Commonwealth of Pennsylvania.

41. As a natural and foreseeable consequence of this breach, the fire occurred at the subject property, which resulted in Plaintiff's damages.

42. As a direct and proximate result of the aforementioned breach, Plaintiff sustained and incurred damage to her property and the imposition of additional expenses in an amount in excess of $75,000.00.

43. As a direct and proximate result of the aforementioned breach, Plaintiff suffered inconvenience, discomfort and the loss of the use and enjoyment of her property.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Defendant in an amount in excess of $75,000.00, plus interest, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**de Luca Levine LLC**

**Dated:** 6/29/2021

**BY:** ______________________

Kenneth T. Levine (PA ID No. 60984)
klevine@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA 19422
(215) 383-0081 / (215) 383-0082 (fax)

***Attorney for Plaintiff***

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by right to jury.

**BY:** ______________________

Kenneth T. Levine, Esquire